**Raj Kumar SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73153.

United States Court of Appeals, Ninth Circuit.

Feb. 18, 2009.*

Filed Feb. 25, 2009.

Sabey Marina Abraham, Esquire, Law Offices of Vaughan de Kirby, A.P.C., Hardeep Singh Rai, Indus Law Group LLP, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Raj Kumar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir.2006), we deny the petition for review.

Singh testified that police detained him in order to interrogate him about the whereabouts of his Kashmiri employees suspected of terrorism. Because the agency was not required to draw the inference that the police investigation was a subterfuge for political harassment, substantial evidence supports the agency's determination that the events Singh experienced were not "on account of" his imputed political opinion. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir.2004). According-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ly, Singh failed to establish eligibility for asylum or withholding of removal. *See Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000).

Substantial evidence also supports the BIA's conclusion that Singh has not established eligibility for CAT relief. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006) (denying CAT on internal relocation grounds and stating "[i]f [petitioner's] fear is based on the mistaken belief of police in a certain area, he would presumably be safe in another area of India where the police do not take him for a separatist.").

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.